U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 JUN 14 AM 10: 02

CLERK
BY_____PM_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Brenda Taite, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:10-cv-270 |
| | ) |
| Eric Shinseki, Secretary, Department of Veterans Affairs, and the United States of America, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS IV AND V
(Doc. 13)

This matter comes before the court on Defendants' motion to dismiss Counts IV and V of Plaintiff Brenda Taite's Amended Complaint, alleging negligent infliction of emotional distress and intentional infliction of emotional distress, respectively. Defendants, Eric Shinseki, Secretary of the United States Department of Veterans Affairs, and the United States of America are represented by AUSA Nikolas Kerest. Ms. Taite is representing herself.

In her Amended Complaint, Ms. Taite claims she was the victim of race and age discrimination, and suffered retaliation for her prior equal employment opportunity activities, in the course of applying for federal employment. In addition to the claims at issue here, she asserts violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I) and the Age Discrimination in Employment Act ("ADEA") (Count III). Defendants now move to dismiss Counts IV and V, arguing that Title VII and the ADEA provide exclusive remedies, and that Ms. Taite has failed to exhaust her administrative remedies with respect to her state law tort claims. Ms. Taite opposes the motion.

A. **Factual Background.**

Ms. Taite alleges that in February 2009, she applied for a position as a Financial Accounts Technician at the Veterans Affairs Medical Center ("VAMC") in White River Junction, Vermont. She had worked at VAMC previously, during which time she reportedly submitted complaints of discrimination on the basis of race and disability, as well as a complaint of assault and battery by one of her co-workers. Ms. Taite also reports having filed a lawsuit "for employment discrimination and retaliation." (Doc. 11 at 2.) Ms. Taite is African-American, and was forty-five years old at the time of her interview for the Financial Accounts Technician position.

The position was ultimately given to a white male under the age of thirty. Ms. Taite claims that she was denied the position in retaliation for her prior discrimination claims. She also claims that she was denied employment because of her race and her age, and that she "was more qualified than the selectee." *Id.* at 3.

In April 2009, Ms. Taite was invited to interview for an Administrative Officer position at VAMC. One of the interviewers asked her age, purportedly because "she wanted to know whether or not [Ms. Taite] would be able to take instructions from [the interviewer] given that [Ms. Taite was] older than she." *Id.* at 4. Ms. Taite informed the interviewer that the question was inappropriate.

Another interviewer allegedly told a "'nigger joke.'" *Id.* The Amended Complaint states that the interviewer prefaced the joke by saying, "[t]his is meant to be funny," and proceeded to tell a story about a military veteran who refused to be treated by African-American physicians. *Id.* Ms. Taite allegedly informed the interviewer that his "joke" was inappropriate.

The Administrative Officer position was given to a white woman under the age of thirty. Ms. Taite claims that the hiring process involved "blatant age and race discrimination against me," and that the successful applicant "was not treated the same as the plaintiff during the interview and decision making process." *Id.* at 4-5.

2

In the Amended Complaint's prayer for relief, Ms. Taite seeks an award of damages and court-ordered mediation. *Id.* at 8.

**B.     Conclusions of Law and Analysis.**

Defendants bring their motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court addresses the jurisdictional challenge first.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citation omitted). When reviewing a complaint for subject matter jurisdiction, a court is allowed to consider extrinsic evidence and is not limited to the information contained in the pleadings. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

Defendants seek dismissal because Ms. Taite has failed to exhaust her administrative remedies as required under the Federal Tort Claims Act ("FTCA"). The FTCA requires that a person who seeks to bring a tort claim against the federal government must first present her claim to the appropriate federal agency:

> An action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Accordingly, Ms. Taite is barred from bringing a tort suit unless and until her tort claim has been finally denied in writing by the appropriate agency, or at least six months have elapsed since she filed her claim. *Id.* This requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

When Ms. Taite moved to amend her Complaint on January 18, 2011, she conceded that she had not exhausted her FTCA remedies. (Doc. 9 at 2.) AUSA Kerest represents to the court that Ms. Taite submitted her administrative tort claims to the Veterans Administration on January 21, 2011. (Doc. 13 at 6.) Ms. Taite does not dispute this representation. Nor has she shown, as is her burden, that the administrative process required under 28 U.S.C. § 2675(a) has been exhausted. *See In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead and prove compliance with the statutory requirements."). Specifically, Ms. Taite has not demonstrated that her claim was denied by the Veterans Administration, or that six months have passed since she filed her administrative claim. The court therefore finds that it is without subject matter jurisdiction to hear her tort claims, and Counts IV and V of the Amended Complaint are hereby DISMISSED WITHOUT PREJUDICE.

Because the court has granted dismissal on the grounds that Ms. Taite has failed to exhaust her administrative remedies, it does not reach Defendants' alternative ground for dismissal—that Title VII and the ADEA provide the exclusive remedy for the allegedly duplicative allegations in Ms. Taite's state law claims.
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 14th day of June, 2011.

Christina Reiss, Chief Judge
United States District Court